UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PIA NELSON,
      *Plaintiff,*

v.

SIGNAL ADVISORS, INC.,
      *Defendant.*

No. 1:24-cv-02322-MSN-WEF

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Signal Advisors USA, Inc.'s motion to dismiss Plaintiff's complaint (ECF 9) and Plaintiff's motion to compel arbitration and stay proceedings (ECF 20). Plaintiff Pia Nelson, proceeding *pro se*, brings this suit against her former employer, Defendant Signal Advisors USA, Inc. ("Signal USA"),[1] under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Family and Medical Leave Act ("FMLA"). ECF 1 at 4–7. For the reasons that follow, the Court will grant Defendant's motion to dismiss (ECF 9) and deny Plaintiff's motion to compel arbitration and stay proceedings (ECF 20).

---

[1] Plaintiff erroneously names "Signal Advisors, Inc." as the Defendant. ECF 1 at 1. The proper party name for Defendant is "Signal Advisors USA, Inc." (abbreviated "Signal USA"). ECF 10 at 6–7. Defendant's briefs refer to itself as a nonparty and make much of Plaintiff's error, but Defendant is, by its own admission, Plaintiff's former employer as described in her complaint. *Id.* Defendant's unabbreviated name differs from Plaintiff's erroneous name only by the word 'USA.' *Id.* Plaintiff's naming error is immaterial because it is minor and it did not mislead Defendant. *See Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 224 (4th Cir. 1999) ("[T]he misnomer of a corporation in a notice, summons . . . or other step in a judicial proceeding is immaterial if it appears that [the corporation] could not have been, or was not, misled.") (quoting *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947)). Accordingly, Signal USA is the Defendant for this case, not a nonparty.

I.  **BACKGROUND**

   A.  **Factual Background**[2]

Defendant Signal USA is a financial services company headquartered in Detroit, Michigan. ECF 1 at 2. Plaintiff was Director of Salesforce Operations for Defendant from May 2022 until her termination in June 2023. *Id.* Plaintiff alleges that she performed "Vice President level work" and was compensated inappropriately despite her requests for additional compensation. *Id.* During her employment, Plaintiff reported discriminatory treatment as well as race and gender-based harassment to Defendant's Human Resources department, CEO, and President. *Id.* at 2–3. Defendant "took no corrective action" to address Plaintiff's allegations, which include several instances of Plaintiff's co-workers using racial slurs and sexually explicit language in Plaintiff's presence. *Id.* Plaintiff also reported several "potentially illegal activities within the organization," including "unauthorized computer surveillance," "misuse" of employees' personal information, and embezzlement. *Id.* at 4. In April 2023, Plaintiff began a leave of absence from her employment. *Id.* Defendant terminated Plaintiff on June 30, 2023, one business day before her scheduled return to work, citing "security concerns." *Id.* at 2, 4.

   B.  **Procedural History**

On February 2, 2024, Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). ECF 10-1 at 28–29. Plaintiff's EEOC charge[3] asserted race and gender discrimination, hostile work environment, and retaliation claims

---

[2] At the motion-to-dismiss stage, this Court "accept[s] as true all of the factual allegations contained in the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). The Court "also consider[s] [the] documents that are explicitly incorporated into the complaint by reference, . . . and those attached to the complaint as exhibits." *Goines v. Vall. Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citations omitted); *see* Fed. R. Civ. P. 10(c).
[3] Plaintiff did not attach her EEOC charge or the EEOC's determination to her complaint. ECF 1. Defendant attached those documents to its motion to dismiss and Plaintiff does not dispute their authenticity. ECF 10-1 at 28–30, 64; ECF 23. Because these EEOC documents are integral to Plaintiff's complaint, this Court may consider them in reviewing Defendant's present motion to dismiss. *Bourne v. Texas Roadhouse Spotsylvania Location*, No.

under Title VII. *Id.* The EEOC's Determination of Charge dated September 23, 2024 notified Plaintiff that it was not "proceed[ing] further with its investigation" into Plaintiff's claims. ECF 10-1 at 64.

Plaintiff brought this suit on December 19, 2024, asserting race and gender discrimination, hostile work environment, and retaliation claims under Title VII, and an interference claim under the FMLA. ECF 1 at 1–7. On May 2, 2025, Defendant moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. ECF 9; Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(4)–(6). After this Court notified *pro se* Plaintiff of this motion in accordance with *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), Plaintiff filed her opposition (ECF 23) and Defendant filed its reply (ECF 24). Plaintiff also filed a motion to compel arbitration and stay proceedings (ECF 20), which Defendant has opposed (ECF 22). This matter is therefore ripe for disposition.

## II.     LEGAL STANDARD[4]

A motion to dismiss under Fed. R. Civ. P. 12(b)(4) challenges "the form of the process," while a motion under 12(b)(5) challenges the "manner or method of its service." *Chandler v. Maynard*, No. 3:22CV94, 2023 WL 3234318, at *2 (E.D. Va. May 3, 2023). Once service is challenged, the plaintiff bears the burden of establishing adequate service. *Id.* A *pro se* plaintiff is not exempt from effecting service "in substantial compliance with [Fed. R. Civ. P.] 4," even where the defendant receives actual notice of the suit against it. *Scott v. Maryland State Dep't of Lab.*,

---

3:24CV218, 2025 WL 565019, at *1 (E.D. Va. Feb. 20, 2025) (finding that court could consider plaintiff's EEOC charge that was attached to defendant's filing and of undisputed authenticity) (citing *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

[4] Defendant moves for dismissal based on Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). As the Court resolves Defendant's motion on 12(b)(4) and 12(b)(5) grounds, only those legal standards are articulated.

673 F. App'x 299, 305–06 (4th Cir. 2016) (quoting *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013)). A plaintiff's "failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998) (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).

### III. ANALYSIS

#### A. Defendant's Motion to Dismiss

Defendant challenges both the form of Plaintiff's process (under Fed. R. Civ. P. 12(b)(4)) and the manner of its service (under Fed. R. Civ. P. 12(b)(5)). ECF 10 at 14–21. This Court agrees that both were deficient and will therefore dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5).[5]

First, Plaintiff never served the Court-issued summons on Defendant. ECF 3. Instead, several months later, Plaintiff appears to have created her own *unsigned* summons that she eventually served. *See* ECF 10-1 at 82. Fed. R. Civ. P. 4(a)(1) provides, in relevant part, that "[a] summons must . . . be signed by the clerk [of court]." An unsigned summons is therefore "ineffectual as a means to effect service of process on defendant[]." *Lee v. City of Fayetteville*, No. 5:15-CV-638-FL, 2016 WL 4148313, at *3 (E.D.N.C. Aug. 4, 2016) (citing *Armco, Inc.*, 733 F.2d at 1089). Accordingly, the form of Plaintiff's process was deficient. *See id.*; Fed. R. Civ. P. 4(a)(1), 12(b)(4).

---

[5] Had Plaintiff effected timely service of a proper summons, her claims would likely warrant dismissal pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6). Defendant argues that Plaintiff's claims are subject to a binding arbitration agreement between the parties, which Plaintiff now concedes. ECF 10 at 23–25; ECF 20 at 2. And "[c]ourts [in this circuit] have found it proper to dismiss claims subject to arbitration agreements under both Rule 12(b)(1) and Rule 12(b)(6)." *Lomax v. Weinstock, Friedman & Friedman, P.A.,* No. CIV. CCB-13-1442, 2014 WL 176779, at *2 (D. Md. Jan. 15, 2014). Further, Plaintiff's FMLA claim is deficient because Plaintiff does not allege that she was an eligible employee under the FMLA. ECF 1. That claim is therefore subject to dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). 29 U.S.C. § 2611(2)(B)(ii) (excluding from the FMLA "any employee . . . at a worksite [with] less than 50 employees if the total number of employees . . . within 75 miles of that worksite is less than 50."); *see also Quintana v. City of Alexandria*, 692 F. App'x 122, 127 (4th Cir. 2017); *Greene v. YRC, Inc.*, 987 F. Supp. 2d 644, 650 (D. Md. 2013).

Second, Plaintiff served Defendant with the unsigned summons 113 days after filing her complaint. ECF 1 at 1 (complaint filed December 19, 2024); ECF 10 at 12 (Defendant's brief alleging that Plaintiff served unsigned summons to its address on April 11, 2025). Fed. R. Civ. P. 4(m) requires service on the defendant "within 90 days after the complaint is filed," mandating dismissal if the plaintiff fails to meet that time limit without showing "good cause for the failure." While "good cause" is a flexible standard, it is generally found where factors outside of the plaintiff's control cause the untimely service. *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019). Here, Plaintiff does not contest Defendant's allegation of untimely service, nor does she show "good cause" for her failure to properly serve. Instead, she simply claims that "Defendant's own conduct in repeatedly correcting Plaintiff about entity names during unemployment and EEOC proceedings contributed to any confusion regarding the proper defendant." ECF 23 at 2. That is not sufficient "good cause" for her failure to timely serve, especially when the proper address was listed in her complaint. *See* ECF 24 at 6; *Attkisson*, 925 F.3d at 627. Plaintiff therefore fails to meet her burden of establishing proper service of process. *See Chandler*, 2023 WL 3234318, at *2; Fed. R. Civ. P. 4(m), 12(b)(5).

  **B.**  **Plaintiff's Motion to Compel Arbitration and Stay Proceedings**

Several months after filing her complaint, Plaintiff acknowledged that her employment contract with Defendant included a binding arbitration agreement. ECF 20 at 2. Yet Plaintiff's motion to compel such arbitration proceedings must be denied. Despite styling her motion as a "Consent Motion to Compel Arbitration and Stay Proceedings," Plaintiff incorrectly states that Defendant "has filed a Motion to Compel Arbitration" and uses this motion to "inform[] the Court of her agreement" with that motion. ECF 20 at 1–2. But Defendant has not filed such a motion,

so there is nothing to which Plaintiff may consent.[6] ECF 10, 22. Even if the Court construes Plaintiff's *pro se* motion liberally as an independent motion to compel arbitration and stay proceedings, the Court may not grant such relief because it lacks personal jurisdiction over Defendant. *See Koehler*, 152 F.3d at 306 ("Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant."); *Cambridge Towel Co. v. Zimmer America Corp.*, 7:14-cv-04089, 2015 WL 6894300, at *6 (D.S.C. Nov. 9, 2015) ("Upon a finding that this Court lacks personal jurisdiction over [defendant], this Court also lacks the authority to compel [defendant] to arbitrate this dispute in [the state]"). Accordingly, the Court will deny the motion (ECF 20) as moot.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss (ECF 9) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims are **DISMISSED**; and it is further

**ORDERED** that Plaintiff's motion to compel arbitration (ECF 20) is **DENIED** as moot.

The Clerk is directed to close this civil action and to mail a copy of this order to Plaintiff, *pro se*.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

July 22, 2025
Alexandria, Virginia

---

[6] As discussed above, Defendant seeks dismissal of Plaintiff's claims and cites the parties' arbitration agreement as one of several bases for dismissal. ECF 10 at 23–25.